UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-12128-GAO

PHILIP M. YOUNG and ANA P. YOUNG,
Plaintiffs,

v.

MIDFIRST BANK, N.A.,
Defendant.

OPINION AND ORDER
September 29, 2011

O'TOOLE, D.J.

The plaintiffs, Philip M. Young and Ana P. Young, have brought suit against MidFirst Bank asserting claims arising from initiation of an allegedly wrongful foreclosure. The plaintiffs allege two separate causes of action: breach of contract and negligence. The defendant has moved for summary judgment on both claims presented by the plaintiffs.

**I.     Background**

On June 27, 2005, the plaintiffs executed a promissory note to First American Mortgage Trust in the principal amount of $239,134.00 and a mortgage on their home in New Bedford to Mortgage Electronic Registration Systems, Inc., as nominee for First American. On January 21, 2009, the mortgage was assigned to MidFirst Bank. During the period of time relevant to this case, Midland Mortgage Co. acted as the mortgage servicer.

The plaintiffs made monthly payments on the note until March 2006, but made no further payments until mid-June 2009. On June 15, 2009, the plaintiffs and the defendant entered into a loan modification agreement. The plaintiffs' arrearages were capitalized in the modification

agreement. The plaintiffs failed to make their September 1, 2009 mortgage payment, thus breaching the modification agreement.

The plaintiffs allege that they submitted loan modification applications on several occasions following the breach. They allege that although the defendant "solicited [them] to encourage them to apply for a loan modification or other alternatives to foreclosure," the defendant "repeatedly fail[ed] to evaluate" those applications. (Compl. ¶¶ 34, 37 (dkt. no. 1).) The defendant claims that the applications were reviewed, denied, and adequately discussed with the plaintiffs and their attorney.

The plaintiffs claim that foreclosure proceedings began prior to adequate evaluation of their mortgage for all possible foreclosure alternatives. At the time the present suit was filed, the foreclosure sale had been rescheduled for December 17, 2010. Following the defendant's postponement of the foreclosure schedule until January 18, 2011, the plaintiffs filed a motion for preliminary injunction seeking to restrain the foreclosure sale. This Court denied the motion due to the plaintiffs' failure to show a likelihood of success on the merit of their claims.

## II.     Standard of Review

A summary judgment motion may be granted where the movant can show "that there is no genuine dispute as to any material fact" and that he is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material" facts are those which have the potential to affect the outcome of the case. Martinez-Rodriguez v. Guevara, 597 F.3d 414, 419 (1st Cir. 2010). A dispute is "genuine" only if a reasonable jury could resolve it in favor of either party. Id. at 418-19. To avoid summary judgment, the nonmoving party "must present definite, competent evidence" on all issues for which he would bear the burden of proof at trial. Tropigas de P.R., Inc. v. Certain Underwriters at Lloyd's of London, 637 F.3d 53, 57 (1st Cir. 2011) (citations

omitted). The evidence required of the nonmoving party need not equal the burden of proof required at trial, but must "set forth specific facts showing there is a genuine issue for trial." See Braga v. Hodgson, 605 F.3d 58, 60 (1st Cir. 2010); see also Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

### III.   Discussion

The plaintiffs allege breach of contract on the ground that the defendant failed to comply with a provision in the mortgage prohibiting "acceleration or foreclosure if not permitted by regulations of the [HUD] Secretary." (Compl. ¶ 18.)[1] The plaintiffs identify three incorporated HUD regulations which they allege the defendant breached. The plaintiffs also allege negligence on the ground that the defendant undertook and breached an affirmative duty of care to evaluate the plaintiffs' mortgage for a loan modification.

The plaintiffs first seek to establish their breach-of-contract claim by alleging the defendant breached a HUD regulation requiring that a mortgagee "give notice to each mortgagor in default . . . no later than the second month of any delinquency in payments under the mortgage." 24 C.F.R. § 203.602.[2] Sufficient notice requires a showing that the defendant made a reasonable effort to send notice to the intended recipient. See Sarit v. U.S. Drug Enforcement

---

[1] Although HUD regulations would not typically give rise to a private right of action against a mortgagee, the mortgage contract explicitly intended incorporation of all HUD regulations concerning foreclosure proceedings of a defaulted mortgage. See 11 Richard A. Lord, Williston on Contracts § 30:19 (4th ed. 2011) ("When a contract expressly incorporates a statutory enactment by reference, that enactment becomes part of a contract for the indicated purposes just as though the words of that enactment were set out in full in the contract."); see also Price Chopper, Inc. v. Consol. Beverages, LLC, No. 09-10617-FDS, 2011 WL 901817, at *6 (D. Mass. Mar. 11, 2011) (holding that parties may incorporate exact or similar terms of statute into private contract and bring suit in contract for violation of those terms).

[2] In the 2000 edition of an annual letter distributed by HUD to mortgagees, the agency interpreted 24 C.F.R. § 203.602 to require that "[a]t a minimum, the lender must provide the borrower with a copy of the HUD publication PA 426-H [entitled] 'How to Avoid Foreclosure,' no later than the end of the second month of delinquency." (See Compl. ¶ 22.)

Admin., 987 F.2d 10, 14 (1st Cir. 1993) (holding that notice was sufficient despite ineffective mailing because the defendant did not know or reasonably should have known, at the moment notice was sent, that the mailing would be ineffective). The defendant has produced a letter addressed to the plaintiff and dated October 20, 2009, in which the defendant warns the plaintiffs that "[they] could lose [their] home" due to unpaid mortgage payments. (Def. Mot. Summ. J. Ex. E (dkt. no. 13).) The letter provides contact information for home ownership counseling through local agencies approved by HUD and included as an enclosure a HUD pamphlet entitled "How to Avoid Foreclosure." In light of the defendant's presentation of evidence, the plaintiffs cannot defeat summary judgment by relying on the mere assertion that the letter and brochure were never received. See Ingram v. Brink's, Inc., 414 F.3d 222, 228-29 (1st Cir. 2005) (after moving party contends no factual dispute exists, nonmoving party must prove existence of dispute, but cannot rely upon "improbable inferences, conclusory allegations, or rank speculation"). The plaintiffs have failed to present any evidence that would lead a reasonable jury to believe that the letter produced by the defendant was not mailed within the two-month period of time or that the HUD brochure was not included.[3]

The plaintiffs also allege breach of contract on the basis of a HUD regulation requiring that the mortgagee evaluate the mortgagor for all "appropriate loss mitigation actions prior to commencing or continuing a foreclosure." (Compl. Ex. C); 24 C.F.R. § 203.355. In support of its summary judgment motion, the defendant submitted an affidavit alleging that the plaintiffs were considered for all possible modification and retention options, but were deemed ineligible for

---

[3] The October 20, 2009 letter explicitly references the HUD brochure in the body of the letter and at the bottom on a separate line marked "Enclosure: HUD Pamphlet PA 426H." (See Def. Mot. Summ. J. Ex. E.)

each and were notified of the denials and reasons for them.[4] The defendant produced three letters addressed to the plaintiffs providing notification of the denials, the earliest of which was sent over a year prior to the scheduled foreclosure date. In response to this presentation of evidence, the plaintiffs point to their affidavit which asserts that they "[did] not believe" that their applications were being considered. (Young Aff. ¶ 7 (dkt. no. 3).) However, the plaintiffs have failed to advance any facts to support their position beyond this personal belief. That is insufficient to demonstrate the existence of a genuine issue of fact for trial.

The plaintiffs further allege breach of contract for an alleged violation of a HUD regulation requiring a mortgagee to make a "have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid." 24 C.F.R. § 203.604(b). However, the regulation clearly provides an exception to this requirement if "[t]he mortgaged property is not within 200 miles of the mortgagee, its servicer or a branch office of either." Id. § 203.604(c)(2). Nothing in the record disputes the defendant's eligibility for this exception nor do the plaintiffs dispute the location of the defendant or the loan servicer.

For these reasons, the plaintiffs have not succeeded in establishing a genuine dispute of material fact over the defendant's compliance with any incorporated HUD regulations or contractual terms contained in the mortgage. Therefore, the plaintiffs' breach of contract claim cannot withstand summary judgment.

---

[4] An affidavit submitted by Brian Laskie, a vice president of Midland Mortgage Co., alleges that the plaintiffs were notified of denied modification applications on numerous occasions via mailed letters, (Laskie Aff. ¶¶ 12, 19, 27 (dkt. no. 14)), telephone conversations, (id. at ¶¶ 13, 18), voicemail messages, (id. at ¶ 11), and through discussions between the defendant and the plaintiffs' attorney, (id. at ¶¶ 21-23). Furthermore, the defendant has provided documentary evidence consistent with the substance of Laskie's affidavit. (See Def. Mot. Summ. J. Exs. E-F.)

There is no generalized tort-based duty to use care in fulfilling a contractual promise. Even if there were, for the same reasons the plaintiffs have not demonstrated a genuine issue of fact with respect to the contract claim, they have not demonstrated a want of due care that would support liability under a negligence theory.

### **IV.** **Conclusion**

For the foregoing reasons, the defendant's Motion for Summary Judgment (dkt. no. 13) is GRANTED. Judgment shall enter for the defendant.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
United States District Judge